## BRONNER v. SAFINNA.

### In re GOOD WILL SILK STORE.

District Court, S. D. New York.
Oct. 17, 1938.

Charles Seligson, of New York City, for plaintiff.

Jerome J. Licari, of Brooklyn, N. Y., for defendant.

PATTERSON, District Judge.

The plaintiff, trustee in bankruptcy of Frank Weinrib and Isidore Lesansky, brought suit to set aside a transfer of the bankrupt's property to the defendant. The bill contained two counts. The first charged that the transfer was a voidable preference under section 60b of the Bankruptcy Act, 11 U.S.C.A. § 96(b), the second that it was a fraudulent transfer under section 67e of the Act, 11 U.S.C.A. § 107(e). As the transfer complained of occurred in 1935, the substantive rights of the parties are governed by the Bankruptcy Act as it then read and not by the 1938 amendment to the Act.

The bankrupts were partners in the business of selling pieces of silk, with a store on Hester Street. They borrowed sums of money from the defendant, a friend, from time to time, the total borrowings being about $1,700, and gave her a series of postdated checks which she was to collect and thus get repayment of the loans. A number of the checks proved to be good, and the defendant in this fashion received about $300. In September 1935 several checks which the defendant put through for collection were returned for insufficient funds. On October 5, 1935, she brought action in the Municipal Court to recover $1,000 for money loaned. The bankrupts having failed to put in an answer, she obtained default judgment on October 11th and immediately levied execution on the entire contents of the bankrupt's store. At the marshal's sale under the levy on October 17th the defendant purchased the entire contents for $900, which was credited on her judgment. This left the bankrupts with nothing but accounts receivable, and on the next day an involuntary petition in bankruptcy was filed against them, resulting in adjudication some time later.

The bankrupts were in financial difficulties as early as August 1935. In that month their landlord instituted dispossess proceedings for non-payment of rent. In September their bank account was closed. On October 5th, the same day that the defendant commenced her action against them, another creditor brought action against them, and in that action the bankrupts interposed an answer. There can be no doubt that at all times in October 1935 the bankrupts were heavily insolvent in the sense that their liabilities were greater than their assets.

That the sale on execution was a transfer under section 60b cannot be disputed. Adler v. Greenfield, 2 Cir., 83 F.2d 955. The one issue as to voidable preference is whether the defendant had reasonable cause to believe that the transfer would effect a preference. The facts given in evidence show beyond doubt that she had such reasonable cause. Prior to levying execution she knew that the bankrupts were not honoring their checks, that in fact their bank account had been closed. The dishonoring of checks was a clear indication of financial trouble, sufficient to put her on inquiry as to their solvency. Pittsburgh Plate Glass Co. v. Edwards, 8 Cir., 148 F. 377; Rosenthal v. Bronx Nat. Bank, 2 Cir., 231 F. 691. Again, the transfer of the entire physical assets of the bankrupts to this one creditor toward satisfaction of her claim gave her reasonable cause to believe that the transfer would effect a preference. The bankrupts were merchants in business, and the defendant was bound to know that they had other creditors who would come out in a position worse than that which she was getting for herself. Adler v. Greenfield, supra. Finally, there was proof tending to show that the bankrupts were consciously favoring the defendant over other creditors and were assisting her in getting payment while hindering and delaying other creditors, and that the defendant was aware of what the bankrupts were doing in that direction. The sale on execution was a voidable preference, and the plaintiff will have the relief asked for in the first count.

The facts do not establish a transfer in fraud of creditors. The second count will be dismissed. The plaintiff will submit findings and conclusions.