**NORBERG et al. v. RYAN.**

No. 12747.

United States Court of Appeals Ninth Circuit.

Dec. 24, 1951.

Rehearing Denied Jan. 30, 1952.

408

William Berger, San Francisco, Cal., for appellants.

Max H. Margolis and James M. Conners, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and DRIVER, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment of the District Court granting relief to the appellee, Paul Ryan, Trustee of the Estate of Brick O'Gold, who brought an action below to recover an alleged preference from the appellants, J. R. Norberg, and others, under 11 U.S.C.A. § 96, subs. a and b. These provide:

"A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition in bankruptcy, * * *.

"Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent."

On November 9, 1949, an involuntary petition in bankruptcy was filed against Brick O'Gold, a corporation, and on November 28, 1949, it was adjudicated a bankrupt. Within the four-month period immediately preceding the filing of the petition, viz. on September 12, 1949, Norberg caused a writ of attachment to be levied on property of Brick O'Gold. On October 5, 1949, execution was levied on that property; and sale proceeds were realized in the amount of $1,076.40, the full amount of Norberg's claim. Since Norberg's claim was unsecured and the bankruptcy estate of the corporation was not sufficient to meet all the claims of unsecured creditors, the result of the attachment and execution was that one unsecured creditor received a larger proportional satisfaction than the other creditors.

The statute allows such a preference to be set aside, if as the District Court found without the aid of a jury, (a) the debtor Brick O'Gold was insolvent at the time of the attachment; and (b) the preferred creditor Norberg had reasonable cause to believe that the debtor was insolvent at that time. These are the only issues properly before us on the appeal.

(a) The finding of the district judge that the corporation was insolvent on September 12, 1949, is amply supported by the evidence. The president of the corporation testified that its equipment was mortgaged as security for a bank loan, the balance on which was $9,000 on September 12. The accounts receivable which the corporation carried were not collectible and consequently had a low salable value. Notes held by the corporation were pledged to a bank and the corporation had little equity in them. It was also testified that the corporation's

assets were not sufficient to pay general creditors and that the corporation had been forced into a C.O.D. basis with its creditors as early as August. The president stated that the condition of the corporation on the date of involuntary bankruptcy and on the date of the challenged attachment was the same. This testimony was corroborated in part by the secretary of the corporation and the trial judge chose to believe these witnesses. There was also evidence that prior to September 12, several creditors, failing in their attempts to collect their bills, had secured attachments against the property of the bankrupt.

(b) The finding that Norberg had reasonable cause to believe the corporation to be insolvent on September 12 cannot be set aside "unless clearly erroneous". Rule 52 (a), Fed.Rules Civ.Proc. 28 U.S.C.A. Both the president and secretary of the corporation testified that they had told Norberg before September 12 of the financial condition of the corporation. He knew for instance that the corporation was on a C.O.D. basis with its creditors. During argument, Norberg's counsel relied strongly on the fact that Norberg had seen a financial statement of the bankrupt which supposedly showed it to be solvent. But on redirect examination below, Norberg admitted he had not seen this statement until seven days after the critical date, September 12.

The judgment is affirmed.