**In the Matter of Joseph OGLIALORO, a Debtor,**

**Creditor:  C. Watt Allen.**

**No. 10755.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 9, 1966.

Decided Dec. 20, 1966.

Woodrow E. Faulkner, Washington, D. C., for debtor.

Martin H. Freeman, Upper Marlboro, Md. (Sasscer, Clagett, Powers & Channing, Upper Marlboro, Md., on brief), for creditor.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

PER CURIAM.

Joseph Oglialoro, the debtor, who appears as appellant, appealed from an order denying his motion to enjoin a judicial sale of his remainder interest in real estate, levied on more than four months prior to his instituting proceedings, on April 18, 1966, under Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. §§ 1001 et seq.  The levy was made in October, 1965, to enforce payment of a state court judgment rendered February 10, 1964. His motion in the court for a preliminary injunction to enjoin the sale was denied July 7, 1966.

Appellant concedes that there is no longer any question on the merits of denying the injunction to be decided.  But appellant has moved to remand the case to the district court to permit him to litigate the question of whether there was fraud in the transaction out of which the judgment issued.  Appellant claims that the transaction—his purchase of a boat—was induced by misrepresentation.  He admits that this defense was advanced unsuccessfully in the state court and no appeal taken, and that he offered no evidence on the point before the referee or

the district judge. The judgment creditor, who appears as appellee, moves to dismiss the appeal and for a judgment for damages of ten per centum of the debt, over and above his costs on appeal.

 The appeal will be dismissed because it is moot, and the motions to remand and for damages denied. Even if we were to disregard Aetna Casualty & Surety Co. v. Abbott, 130 F.2d 40 (4 Cir. 1942), and hold that appellant, after failing to exercise his state court right of appeal, can collaterally attack the state court judgment for fraud in the original transaction, he failed to do so before the referee and the district judge, and we perceive no reason to grant him an additional opportunity. We see no basis on which to award appellee damages beyond his costs allowable on appeal.

Appeal dismissed. Motions for remand and damages denied.