In the Matter of ZACHERL COAL COMPANY, INC., Debtor.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Plaintiff-Appellant,

v.

J. Edward SMITH, Trustee, Republic National Bank of Dallas, Defendants-Appellees, Equipment Finance, Inc., Defendant, C. I. T. Corporation, Defendant-Appellee.

In the Matter of WAGNER COAL COMPANY, Debtor.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Plaintiff-Appellant,

v.

J. Edward SMITH, Trustee, Republic National Bank of Dallas, Northwest Pennsylvania Bank & Trust Company, Defendants-Appellees.

Civ. A. Nos. 81–22 ERIE, 81–23 ERIE. Bankruptcy Nos. 79–00285, 79–00286. Adv. Nos. 80–215, 80–0214.

United States District Court, W. D. Pennsylvania.

March 17, 1981.

As Amended March 30, 1981.

---

Howard J. Wein, Asst. Atty. Gen., Com. of Pennsylvania, Dept. of Environmental Resources, Pittsburgh, Pa., for plaintiff-appellant.

Raymond L. Shapiro and Earl T. Stamm, Philadelphia, Pa., for defendant-appellee, Republic Nat. Bank of Dallas.

Hillard Kreimer, Pittsburgh, Pa. and John P. Leemhuis, Erie, Pa., for Trustee and Creditors' Committee.

Neal D. Colton, Philadelphia, Pa., for General Coal Co., defendant-appellee.

William J. McFate, Oil City, Pa., for Northwest Pennsylvania Bank, defendant-appellee.

George M. Cheever, Pittsburgh, Pa., for C. I. T. Corp., defendant-appellee.

John A. Miller, Beaver Falls, Pa., for Equipment Finance, Inc., defendant-appellee.

Robert W. Parker, Erie, Pa., for Intern. Harvestor Credit Corp. and Equico Lessors.

John L. Wagner, Reno, Nev., Elliott Lester, Cleveland, Ohio and Warren W. Bentz, Erie, Pa., for debtors.

## OPINION

WEBER, Chief Judge.

These cases involve appeals from certain Orders of the Bankruptcy Court issued in connection with a Chapter 7 liquidation of two coal companies. In both cases the appellant, the Commonwealth of Pennsylvania, Department of Environmental Resources, is seeking reversal of a Bankruptcy Court order dismissing its complaint in an adversary proceeding. Because these two actions raise identical questions of law in similar factual settings we have consolidated them for consideration on appeal. We conclude that, because of the actions taken by the Bankruptcy Court during the pendency of these proceedings, these appeals are now moot. We further conclude that the issues raised by the DER in these appeals are without merit. Accordingly, we affirm the decision of the Bankruptcy Court.

The facts relevant to our determination of these two appeals are as follows: On October 25, 1979, the debtor Coal Companies petitioned the United States Bankruptcy Court for the Western District of Pennsylvania seeking Chapter XI reorganization. See, 11 U.S.C. § 1 et seq. As part of these proceedings the Bankruptcy Court on May 5, 1980, appointed a Chapter XI Trustee to oversee the debtors' reorganization. Later these proceedings were converted from a Chapter XI reorganization to a Chapter 7 liquidation proceeding.

On August 13, 1980, the Pennsylvania Department of Environmental Resources (DER) filed two complaints with the Bankruptcy Court. In these complaints the DER named as defendants the Trustee in Bankruptcy, and certain secured creditors of the debtors. The complaints themselves were framed exclusively in terms of injunctive relief. Specifically the DER requested that the court order the Trustee to restore each and every one of the strip mining sites operated by the debtors in accordance with the provisions of the Pa.Clean Streams Law, the Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. § 691.1 et seq. and the Surface Mining and Conservation Act, the Act of May 31, 1945, P.L. 1198, as amended, 52 P.S. § 1396.1 et seq. In order to complete this restoration, the complaints further requested the Bankruptcy Court to direct that no equipment necessary for reclamation be removed from the mining sites.

The defendants subsequently filed Motions with the Bankruptcy Court seeking dismissal of these complaints. On October 28, 1980, these motions were granted and the DER's complaints were dismissed. These appeals followed.

On November 10, 1980, the Bankruptcy Court ordered the Trustee in Bankruptcy to employ an auctioneer in order to conduct a public sale of all the debtors' machinery and equipment. On November 24, 1980, following notice and a hearing, the Bankruptcy Court authorized the Trustee to sell all of this equipment. On the same day, the Court approved a stipulation between the Trustee and the Secured Creditors which provided for distribution of the proceeds realized from the sale. The Public Sale was held on December 5, 1980. Since that time all of the equipment has been removed from the mining sites and all of the proceeds of the sale have been distributed.

Significantly at no time following the bankruptcy court order of October 28, 1980 did the DER seek any stay of these proceedings from either this Court or the Bankruptcy Court.

Given these facts, a threshold question raised in the instant appeal is that of mootness; for if it appears that these appeals are now moot then we need not address the merits of the appellant's case. *See, Foley v. Blair & Co.*, 414 U.S. 212, 215, 94 S.Ct. 405, 406, 38 L.Ed.2d 422 (1973). Mootness is a doctrine which rests, in large part, on considerations of judicial economy and is designed to avoid the useless expenditure of judicial resources. *See, Marshall v. Whittaker Corp., Berwick Forge & Foundry*, 610 F.2d 1141, 1147 (3d Cir. 1979); *Alton & Southern Rwy. Co. v. International Assoc. of Machinists & Aerospace Workers*, 463 F.2d 872 (D.C.Cir.1972). Accordingly any inquiry into the question of mootness should be guided primarily by pragmatic considerations. *See e. g. Marshall*, supra; *Leonhart v. McCormick*, 395 F.Supp. 1073, 1077 (W.D.Pa.1975) (Weber, J.) A significant part of such an inquiry involves determining whether, as a practical matter, the court can grant any effective relief to the parties. This factor is particularly important because "when events during the pendency of the appeal have eliminated any possibility that the court's order may grant meaningful relief effecting the controversy that precipitated the litigation, applicable doctrine permits, and judicial administration generally calls for, dismissal of the appeal." *Alton*, supra, at 877–78. *See* also *Country Fairways, Inc. v. Mottaz*, 539 F.2d 637, 641 (7th Cir. 1976); *Hart v. United Steel Workers of America*, 482 F.2d 282 (3d Cir. 1973); *In re Ira Haupt & Co.*, 379 F.2d 884 (2d Cir. 1967), (dismissing bankruptcy appeal); *In re Oglialoro*, 370 F.2d 557 (4th Cir. 1966), (dismissing bankruptcy appeal); *Colpo v. Highway Truck Drivers*, 305 F.2d 362 (3d Cir. 1962).

In the instant case we are asked to consider on appeal several bankruptcy court orders dismissing the DER's complaints in two adversary proceedings. In these complaints the DER asked the Bankruptcy Court to order the Trustee in Bankruptcy to retain certain heavy equipment and use it to restore strip mining sites operated by the debtors. The DER, however, took no action to stay bankruptcy proceedings pending this appeal. Because of this failure by the DER, it is no longer possible, as a practical matter, to grant the Department the relief it requests. The heavy equipment which was a necessary element of the relief sought is no longer in the possession of the debtor or the Trustee. Therefore, since it is no longer possible for the court to grant the injunctive relief sought by the appellant in its complaint before the Bankruptcy Court, this appeal must be dismissed as moot.

The DER, however, argues that this appeal is not moot, despite the present inability of the court to grant effective injunctive relief. In its brief the Department contends that we should reach the merits of this appeal because the questions presented on appeal are of public importance and likely to recur. *See Southern Pacific Terminal Co. v. I. C. C.*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

We disagree. The DER's position fundamentally misconstrues the nature of the exception to the mootness doctrine established in *Southern Pacific Terminal Co. Southern Pacific* did not purport to allow courts to decide otherwise moot questions solely because they are of public interest. *See, Alton*, supra, at 880 ("The Court will not decide a moot case on the sole ground of public importance"). Rather *Southern Pacific* requires both that a matter be of public importance and the questions raised be "capable of repetition, yet evading review" before an otherwise moot case will be adjudicated.

In the instant case we believe that this latter requirement of the *Southern Pacific* doctrine has not been met. Admittedly, it is possible that the issues raised by the DER are "capable of repetition" in future coal company bankruptcies. However, these issues are not questions which normally would evade judicial review. Quite the contrary, in order to preserve these questions for review, all the appellant need do is to obtain a stay of proceedings from the Bankruptcy Court. Such stays are clearly authorized by Rule 805 of the Bankruptcy Rules and are freely given by the Bankruptcy

Court. Therefore, it is only the failure of the DER to obtain such a stay which makes this appeal a case "capable of repetition, yet evading review."

■ In a case such as this, where an issue evades judicial review solely through an oversight of counsel, we believe that the *Southern Pacific* doctrine is inapplicable. If, in fact, this issue does recur in some subsequent bankruptcy proceeding the DER can properly preserve the question for appellate review by simply obtaining a stay. But having failed to do so, the Department must now accept the fact that the instant appeal is moot. See *Marshall*, supra, at 1146 ("It is apparent that, had [the appellant] taken prompt steps to preserve the status quo by immediately filing a notice of appeal and a request for a stay, the inspection it complains of might not have occurred. Thus, the issues could have been preserved for appeal and would not evade review.")

Finally, we note that, substantively, there is little merit to the position urged by the DER in this appeal. In its brief the Department argues that the Bankruptcy Court erred in denying it injunctive relief. As part of that argument the DER characterized these appeals as "cases of first impression in this district, and perhaps in the entire country."

We disagree. The question of a Trustee in Bankruptcy's obligation to insure compliance with Mining and Water Laws has already been determined by the Bankruptcy Court for the Western District of Pennsylvania in the case of *In re Reddale Coal Co. Inc., Reddale Resources, Inc., Ernest C. Dean Contractor, Inc., James Owen Trustee v. Department of Environmental Resources*, at No. 79–330–331–332.[1] In that case a Trustee in Bankruptcy sought to enjoin the DER from joining him as a party in an action before the Commonwealth Court. In that Commonwealth Court action the DER was attempting to enforce the debtor company's obligations under the Clean Streams and Mining Acts. The DER opposed the Trustee's motion on essentially the same grounds that are urged here; namely, that the Trustee in Bankruptcy has an affirmative obligation to correct violations of state law resulting from the prior conduct of the debtor's business.

The Bankruptcy Court rejected this argument. In its opinion the Court noted that the DER required coal operators to take out a bond to insure compliance with the provisions of the Clean Streams and Mining Acts. See 52 P.S. § 1396.4(c). According to the Bankruptcy Court, execution under this bond was the proper course for the DER to take in enforcing state law. Given that this remedy existed in state law, the Bankruptcy Court concluded that it would be improper to require the Trustee to take affirmative steps to improve the condition of mining sites.

■ We feel that this conclusion is directly applicable to the instant appeal. Because state law provides an adequate remedy for violations of the Clean Streams and Mining Acts we find it unnecessary to impose such a remedial obligation on the Trustee in Bankruptcy. In fact, the imposition of such a requirement could both frustrate the purposes of the Bankruptcy Act and create innumerable conflicts of interest for the trustee. Therefore, we would agree with the Bankruptcy Court and refuse the DER's petition to impose this collateral duty on Trustees in Bankruptcy.

■ Finally in its brief on the merits the DER raises two other issues which require brief discussion: First, the DER contends that the fact that it has a remedy at state law does not preclude it from also seeking injunctive relief in this bankruptcy proceeding. Of course, the DER may seek injunctive relief. However, the adequacy of the remedies available under state law may, as in this case, bar it from obtaining such relief. Second, the DER argues that its remedy under state law is not, in fact,

1. It has come to our attention that this opinion was subsequently vacated at the request of the parties. This does not, in our view, change the validity of its reasoning. Accordingly we adopt the rationale set forth in *Reddale* in this case.

adequate. Under Pennsylvania law the amount of the mining bond is set by the DER. See 52 P.S. § 1396.4(c). Therefore, if the bond is inadequate, this inadequacy is the fault of the DER. Accordingly, this argument does not aid in establishing the Department's right to injunctive relief.

