In the Matter of LUCASA INTERNA-
TIONAL, LTD., Debtor.

Harold YOUNG, as Trustee in Bankrupt-
cy of Lucasa International, Ltd.,
Debtor, Plaintiff,

v.

NADELSON DISPLAYS, INC.,
Defendant.

Bankruptcy No. 79–B–10062.
Adv. No. 80–5008 A.

United States Bankruptcy Court,
S. D. New York.

Nov. 5, 1981.

Horvath & Young, New York City, for
trustee.

Sidney M. Schwartz, New York City, for
defendant.

ROY BABITT, Bankruptcy Judge:

The bankruptcy trustee of Lucasa International, Ltd., (Lucasa or debtor), a debtor under relevant provisions of the 1978 bankruptcy code, Pub.L. 95–598, 92 Stat. 2549 *et seq.*, filed a complaint in an adversary proceeding under Part VII of the Bankruptcy Rules, 411 U.S. 1068 *et seq.*, to recover from the defendant more than $10,000. alleged to have been a preferential transfer denounced by Section 547, 11 U.S.C. (1976 ed. Supp. III) § 547.

Both sides moved for summary judgment and from their statements of the controlling, undisputed facts now to be recounted, the court is satisfied that only issues of law are presented, the resolution of which dictates that the trustee is entitled to judgment in his favor.

In the spring of 1979 Lucasa became indebted to the defendant, Nadelson Displays, Inc. (Nadelson) for monies owed in connection with the latter's rendition of labor and services. In May, 1979 the defendant obtained a judgment by confession against Lucasa for approximately $10,000., the full amount owed. On October 2, 1979 Lucasa sold all its inventory and other property in bulk to Tandy Brands, Inc. for $250,000. The New York City sheriff appeared at this sale with a levy respecting Nadelson's judgment, and therefore received from Tandy $10,266.49 including poundage fees. On October 19, 1979 Nadelson received payment of $9,768.09 by check drawn on the sheriff's office.

The parties do not dispute that at the time of the October 2nd levy the debtor was insolvent nor that said payment entitled the defendant to receive more than the other creditors of its class would receive in the liquidation and distribution of the debtor's property under chapter 7 of the Code.

The trustee insists that since these undisputed facts all took place on the eve of the October 17, 1979 bankruptcy petition, a voidable preference was obtained by Nadelson within the contemplation of Section 547(b). Defendant argues that the crucial events as it views them occurred more than 90 days before the petition as required by section 547(b)(4)(A) so that for want of this element the trustee must be non-suited and, in any event, the money it received after the sheriff's execution was not the debtor's but was the property of Tandy, the bulk sale purchaser. These, however, are legal issues, and summary judgment is appropriate. See an earlier opinion on these facts arising in this bankruptcy case *sub nom., Lucasa International, Ltd. v. Scandore Paper Box Corp.*, 13 B.R. 596, 7 BCD 1356 (Bkrtcy.S.D.N.Y.1981).

The defendant's position on the first legal issue is that it is its May, 1979 judgment which effectuates the transfer of the debtor's property and that since all must agree that this occurred more than 90 days before the October, 1979 petition, the trustee's suit must fall for want of this essential element of Section 547(b). In short, the defendant insists that when it actually received the money from the debtor's bulk vendee is totally immaterial.

■ But it is clear that a judgment does not constitute a lien on the judgment debtor's personal property, for something more is required. That something more is issuance of an execution or an actual levy on the debtor's property. 4 *Collier on Bankruptcy* ¶ 547.12 (15th ed.). As the mere procurement of a judgment has no effect on the judgment debtor's personalty, it follows that entry of such judgment effects no transfer within the meaning of Section 101(40) of the 1978 Code. See *Adler v. Greenfield*, 83 F.2d 955 (2d Cir. 1936), and it would not satisfy the requirements of Section 547(e)(1)(B) as to when such a transfer has matured.

■ When a transfer occurs for purposes of a preference is for the federal courts to determine. Accordingly, mere delivery of execution to a sheriff will, without levy, achieve no transfer for it is "a sale on execution" which constitutes a transfer. *Nogi v. Greenwood*, 1 F.Supp. 60 (D.C.Pa. 1932); *Toner v. Nuss*, 234 F.Supp. 457 (D.C. Pa.1964).

■ Thus, the transfer here took place when the proceeds yielded from the bulk sale of the debtor's property were given up to the sheriff on account of the unsatisfied judgment which the defendant held. See *Norberg v. Ryan*, 193 F.2d 407 (2d Cir. 1951); *Bronner v. Safinna*, 25 F.Supp. 791 (S.D.N.Y.1938); 4 *Collier on Bankruptcy* ¶ 547.08 (15th ed.). As all this occurred within the 90 days before the bankruptcy petition, the trustee has satisfied this element of Section 547(b).

■ The defendant argues as its second challenge to the complaint the proposition that when Tandy, the bulk purchaser of the debtor's property, remitted $10,000. not to the debtor but to the sheriff presenting an execution on defendant's judgment, there was no transfer of the debtor's property. This premise requires but a pause. Clearly, the money given up to the sheriff was the debtor's. Relevant judicial teachings mean nothing if their essential significance is not that a preference is made out where property in which a debtor has any interest is transferred out of his estate,[1] *Continental Trust Co. v. Chicago Title Co.*, 229 U.S. 435, 443, 33 S.Ct. 829, 831, 57 L.Ed. 1268 (1913); *I–T–E Circuit Breaker Co. v. Holzman*, 354 F.2d 102 (9th Cir. 1965), and that indirect transfers of a debtor's property cannot save what is otherwise a voidable preference, *Aulick v. Largent*, 295 F.2d 41 (4th Cir. 1961); *Greenblatt v. Utley*, 240 F.2d 243 (9th Cir. 1956).

■ As there were motions for summary judgment here and the curtain did not therefore rise on a trial, *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975), a word must be said about the presumption of insolvency set out in Section 547(f) for the full sweep of Rule 56, F.R.Civ.P., including the allocations of burdens, applies in a bankruptcy adversary proceeding. See Rule 756, 411 U.S. 1084; *Gorenz v. State of Illinois Department of Agriculture*, 653 F.2d 1179 (7th Cir. 1981) at fn. 13. Thus, the presumption of Section 547(f) is operative. See *Motteler*

*v. J. A. Jones Construction Co.*, 457 F.2d 917, 920 (7th Cir. 1972); 6 *Moore's Federal Practice* ¶ 56.11[10] (1976).

The essence of Section 547(f) is that where a transfer is within the proscribed period, it is the transferee of the debtor's property who must come forward to overcome the presumption running in favor of the trustee, see H.R.Report No. 95–595, 95th Cong., 1st Sess. 375 (1977), U.S.Code Cong. & Admin.News 1978, 5787, although the latter still carries the burden of ultimate persuasion as to all the elements of Section 547(b). Here, the defendant has offered nothing to rebut the presumption of insolvency. As that element, Section 547(b)(3), is met, and no others are claimed to be wanting, the trustee is entitled to summary judgment in his favor for the relief sought in his complaint. The defendant's cross-motion for dismissal is, of course, denied.

Submit order.

---

1. Defendant wisely refrains from suggesting that the money paid the sheriff came from a source other than from the bulk sale of the debtor's property.