**In re A. J. NICHOLS, LTD., Debtor.**

**Jay LOEB, Trustee in Bankruptcy for A. J. Nichols, Ltd., Plaintiff,**

**v.**

**G. A. GERTMENIAN & SONS, Defendant.**

**Bankruptcy No. 80–01163A.
Adv. No. 80–1312A.**

United States Bankruptcy Court,
N. D. Georgia.

July 13, 1982.

---

David W. Cranshaw, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for plaintiff.

Michael S. Haber, Macey & Zusmann, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the trustee's Complaint to Avoid a Preferential Transfer. The defendant is a dealer of oriental rugs, who supplied oriental rugs to the debtor on either a "consignment" or "sale or return" basis. (See p. 615, ¶ 2,

*infra.*) On March 6, 1980, the debtor shipped to the defendant forty-six (46) rugs with a consignment wholesale value of $29,-505.00. Forty-five (45) of the aforementioned forty-six (46) rugs had previously been shipped by the defendant to the debtor on a consignment basis. A security interest was not taken by the defendant in any of these rugs. On April 11, 1980, A. J. Nichols, Ltd. filed a petition under Chapter 7 of the Bankruptcy Code resulting in the March 6, 1980 transfer falling within the preference period of 11 U.S.C. § 547. A trial was held on the trustee's complaint on March 31, 1982 with the parties submitting briefs and memoranda of authority thereafter.

The sole question before this Court is whether the return of certain consigned goods within the preference period constitutes a voidable preference under 11 U.S.C. § 547(b). Section 547(b) of the Bankruptcy Code provides in relevant part:

"Except, as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made

(A) on or within 90 days before the date of the filing of the petition; and

(5) that enabled such creditor to receive more than such creditor would receive if

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. § 547(b).

■ The plaintiff relies on the above section of the Bankruptcy Code and asserts that the transfer in question satisfies each and every provision of § 547(b) of the Bankruptcy Code, thus making the transfer a voidable preference. The defendant contends that no property of the debtor was transferred and that the elements set forth in 11 U.S.C. § 547(b)(2), (3), and (5) have not been satisfied. The plaintiff has the burden of proof on each of the elements of 11 U.S.C. § 547(b).

■ The threshold requirement of 11 U.S.C. § 547(b) is that there must be a transfer of property of the debtor in order for there to be a voidable preference. "Transfer" is defined in 11 U.S.C. § 101(40) as every mode of parting with property or with an interest in property. The term "property of the debtor" is not defined in the Bankruptcy Code, but it has been held that a preference may exist "where property in which a debtor has any interest is transferred out of his estate." *In re Lucasa International*, 14 B.R. 980, 8 B.C.D. 444, 445 (Bkrtcy.S.D.N.Y.1981). *Ga.Code* §§ 109A-2–326(2) and (3) state that goods delivered primarily for resale, as were the rugs in the instant case, are deemed to be "on sale or return." (See p. 615, ¶ 2, *infra*.) It is clear that at the time of the transfer of the rugs, since these goods were subject to the claims of the debtor's creditors, some property interest did exist in the debtor concerning said rugs.

■ The defendant's contention that a distinction exists between the property of the debtor and the estate of the debtor is without merit. There can be no estate prior to the filing of a petition in bankruptcy. The commencement of such a case creates an estate which is made up of all legal or equitable interests of the debtor in property. 11 U.S.C. § 541(a)(1). Thus, when one enters bankruptcy, the property of the debtor is the property of the estate.

■ Moreover, the debtor in this case had more than just a possessory interest in the rugs. These rugs were in the possession of the debtor on a "consignment" or "sale or return" basis. Under Georgia law, goods held on a sale or return basis are subject to the claims of a buyer's creditor while in the buyer's possession. *Ga.Code* § 109A-2–326(2). At the time of the transfer, the rugs were in the debtor's possession, and

were subject to the claims of the debtor's creditors. The only exceptions to this rule appear in *Ga.Code* § 109A–2–326(3).

The defendant contends that the arrangement between the debtor and the defendant was a true consignment and not an attempt to retain a security interest or a sale or return. In this case, *Ga.Code* § 109A–9–114 provides that a consignor who has not retained a security interest has an interest in the subject goods which is subordinated to that of a person who would have a perfected security interest in said goods. This section implies that in an instance in which there is a true consignment, the consignor would have priority over an unsecured creditor. The determination of whether the defendant in the instant case has a true consignment is governed by *Ga. Code* § 109A–2–326(3). *Ga.Code* § 109A–2–326(3) provides three exceptions to the general rule that delivery of goods to a person for sale in the ordinary course of business is deemed to be on sale or return even though the agreement (1) purports to reserve title to the person making delivery until payment or resale or (2) uses such words as "on consignment" or "on memorandum." *Ga.Code* § 109A–2–326.

The first exception contained in *Ga.Code* § 109A–2–326(3) requires compliance with "an applicable law providing for consignor's interest or the like to be evidenced by a sign." *Ga.Code* § 109A–2–326(3)(a). The evidence presented at the trial on March 31, 1982 established that the debtor never posted such signs.

The second exception to *Ga.Code* § 109A–2–326 exists if the consignor can show that the consignee is generally known by his creditors to be substantially engaged in selling the goods of others. *Ga.Code* § 109A–2–326(3)(b). The burden of proof is on the defendant to prove such knowledge by its creditors. The defendant has failed to meet this burden in the case *sub judice*. The evidence before the Court shows that the debtor's creditors did not have actual knowledge that the goods sold by the debtor were on consignment, as required by *Ga.Code* § 109A–1–201(25).

The final exception to *Ga.Code* § 109A–2–326 is that the consignor meet the filing requirements of Article 9 of the Georgia U.C.C. provisions. *Ga.Code* § 109A–2–326(3)(c). There is no dispute that the defendant did not file a financing statement in the instant case.

Therefore, as the above discussion indicates, the defendant has failed to meet any of the requirements of *Ga.Code* § 109A–2–326(3) that would result in the defendant's being deemed a consignor of the rugs which the debtor returned to the defendant. Accordingly, the Court finds that the relationship between the defendant and the debtor is not that of a consignor and consignee, but finds instead that the transaction which the parties entered into was a sale or return as contemplated by *Ga.Code* § 109A–2–326. It follows from this determination that the March 6, 1980 transfer of certain rugs from the debtor to the defendant was a transfer of the debtor's property under 11 U.S.C. § 547(b).

One court has held in dicta that return of consigned goods by a debtor during the preference period is subject to the preference provisions of the Bankruptcy Act. *In re Gross Manufacturing & Importing Co.*, 328 F.Supp. 905 (D.N.J.1971). In that case, the District Court, in finding for the trustee, reversed the Bankruptcy Court's holding that the return of goods held on sale or return during the preference period did not constitute a preference. This Court agrees with the analysis used in the *Gross* decision.

Once the threshold requirement of transfer of the debtor's property has been met, the trustee must prove the five elements of 11 U.S.C. § 547(b). The first requirement is that the transfer be to or for the benefit of a creditor. 11 U.S.C. § 547(b)(1). Under 11 U.S.C. § 101(9) a "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." A "claim" is "a right to payment or a right to an equitable remedy." 11 U.S.C. § 101(4). The Court finds that prior to the transfer, the defendant, whether a

consignor or a seller on a sale or return basis, had a right to either payment for the rugs or the right to an equitable remedy for the return of the rugs. Thus it is clear that the defendant had a claim against the debtor and that the defendant was a creditor within the ambit of § 101(9) of the Bankruptcy Code. For this reason, the Court finds that the transfer was to or for the benefit of a creditor. 11 U.S.C. § 547(b)(1).

The Court also finds that the transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). According to 11 U.S.C. § 101(11), "debt" means "liability on a claim." Thus, by virtue of the same analysis in which this Court determined the defendant was a creditor of A. J. Nichols, Ltd., the Court finds that the transfer was made on account of a claim owed by the debtor before the transfer was made.

The third requirement to be shown by the plaintiff is that the transfer must be made while the debtor was insolvent. 11 U.S.C. § 547(b)(3). Under 11 U.S.C. § 547(f), there is a presumption that for ninety days preceding the filing of the debtor's petition, the debtor is insolvent. This places the burden of going forward with the evidence of the debtor's solvency on the defendant. The Court finds that the defendant has failed to overcome the presumption of insolvency. Moreover, the trustee has proven the insolvency of the debtor. The evidence showed that a $50,-000 claim against an officer of the debtor, who left in 1979 with $50,000 of the debtor's assets, was scheduled as an asset of the debtor. As the claim was shown to have no prospect of collection, the debtor's schedules are not a fair indication of the debtor's solvency. This Court finds that the debtor was insolvent at the time of the transfer of the property.

It is undisputed by the parties that the property was transferred from the debtor to the defendant within ninety days of the filing of the petition.

Finally, the plaintiff must show that this transfer enabled the creditor to receive more than the creditor would have received if the transfer had not been made and the defendant had received payment of its claim to the extent provided by the provisions of the Bankruptcy Code. 11 U.S.C. § 547(b)(5). Because this transfer allowed the defendant to recover the entire amount of his claim and because the defendant did not have a perfected security interest nor a true consignment, the Court finds that the creditor received more than it would have under a Chapter 7 liquidation if this transfer had not been made.

Therefore, for the above-stated reasons, the Court finds that the plaintiff has carried the burden of proof with respect to each element of 11 U.S.C. § 547(b) and that the transfer of forty-five (45) rugs from the debtor to the defendant was a voidable preference. Judgment is granted in favor of the plaintiff in the amount of $29,505.00.

IT IS SO ORDERED.