**In re Kenneth C. SUCY, Jr., Judy A. Sucy, Debtors.**

**Harvey J. PUTTERBAUGH, Trustee, Plaintiff,**

v.

**INTERNATIONAL HARVESTER CREDIT CORP., Defendant.**

**Bankruptcy No. 181–00308.**
**Adv. No. 183–0026.**

United States Bankruptcy Court, D. Maine.

Aug. 9, 1983.

Donald H. Marden, Waterville, Me., for debtors and Harvey J. Putterbaugh, trustee.

Harvey J. Putterbaugh, Portland, Me., trustee.

F. Bruce Sleeper, Jensen, Baird, Gardner & Henry, Portland, Me., for International Harvester Credit Corp.

MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The trustee seeks by this action to avoid an attachment by International Harvester Credit Corporation against real property of the debtors in the amount of $100,000.00 authorized by the Maine Superior Court in May of 1979. That attachment was recorded in the Kennebec County Registry of Deeds on May 30, 1979. International Harvester obtained a judgment against the debtors for $215,862.75 in state court on July 1, 1981. The debtors filed their petition in bankruptcy on September 23, 1981.

The trustee's complaint seeks to have "any attachment, lien or other encumbrance on real property of the Debtors ... declared null and void...."[1] The debtors' schedules reveal that the only real estate

---

1. Count I of the complaint, while unclear, may allege that entry of the July 1st judgment itself constituted an avoidable preference. *But see Young v. Nadelson Displays, Inc. (In re Lucasa International, Ltd.),* 14 B.R. 980, 8 B.C.D. 444 (Bkrtcy.S.D.N.Y.1981). If so, the trustee has failed to pursue that argument in his brief, and the Court treats it as abandoned.

they own is their residence in Oakland. By notice filed May 25, 1983, the trustee abandoned the Oakland property pursuant to 11 U.S.C. § 554(a). Having abandoned the real estate, the trustee no longer has any interest in whether or not International Harvester's attachment is a preferential transfer. Because it appears "that whether or not the requested relief is granted, the bankrupt estate would remain unaffected," the trustee's complaint shall be dismissed as moot. *See In re REA Express, Inc.,* 2 B.R. 730, 732 (S.D.N.Y.1980); *see also Commonwealth of Pennsylvania, Department of Environmental Resources v. Smith (In re Zacherl Coal Co., Inc.)* 9 B.R. 952 (W. D.Pa.1981).