In re **KINGSPORT HARDWARE, INC.,** Debtor.

**William L. LANCASTER, III, Trustee, Plaintiff,**

v.

**Thomas W. (Bill) HOYE and Commercial Building Systems and Billy L. Byrd, Defendants.**

**Bankruptcy No. 3–83–01074. Adv. No. 3–83–0942.**

United States Bankruptcy Court, E.D. Tennessee.

June 18, 1984.

Bernard H. Cantor, Johnson City, Tenn., for plaintiff.

J. Robert Boatright, Kingsport, Tenn., for defendants.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

In this adversary proceeding the trustee seeks to avoid two alleged preferences. 11 U.S.C.A. § 547(b) (1979). The first is the payment of $2,748.30 to an auctioneer for the benefit of defendant Byrd on June 16, 1983. The second is the payment of $510.00 to a bottling company (not a named defendant) over a period of time for soft drinks placed in a vending machine on the debtor's premises. The trustee asserts the latter payments were for the benefit of defendants Thomas W. Hoye and Commercial Building Systems.

## I

Prior to April 8, 1983, defendant Byrd was vice-president of the debtor corporation, Kingsport Hardware, Inc. He also managed its business. Thereafter, he was employed by defendant Commercial Building Systems, a single proprietorship owned by defendant Thomas W. Hoye, the sole stockholder of Kingsport Hardware. Both businesses were operated from the same location, 901 South Wilcox Drive, Kingsport, Tennessee.

During Byrd's employment as its manager, he brought in and placed in inventory goods similar to those sold by Kingsport Hardware. Some of these goods were sold by the debtor. But, according to Byrd, these goods were sold for his separate account and not for the account of the debtor. Sales taxes on such goods, however, were

included in the debtor's tax returns. No separate sign or special evidence of Byrd's asserted ownership of the goods was exhibited.

In June 1983, all goods in the store, including those claimed by Byrd, were sold at public auction to the highest bidder. Byrd asserts that his share of the sale proceeds amounted to $2,748.30, after payment of his share of the auctioneer's expenses and commission.

At the time of the sale Byrd was negotiating with the auction company for the purchase of a lot. At Byrd's request the auction company applied the sale proceeds claimed by him to the down payment on the lot.

On July 7, 1983, Kingsport Hardware, filed a Chapter 7 bankruptcy petition.

## II

[1] The trustee may avoid any transfer [1] of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt;

(3) made while the debtor was insolvent;

(4) made on or within 90 days of the filing of the petition; and

(5) that enables such creditor to receive more than in a liquidation case under chapter 7.

11 U.S.C.A. § 547(b) (1979).

Tenn.Code Ann. § 47–2–326(1) (1979), in pertinent part, states that if delivered goods may be returned by the buyer, the transaction is a "sale or return" if the goods are delivered primarily for resale. Goods held on "sale or return" are subject to the claims of the buyer's creditors while in the buyer's possession, with three exceptions:

Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person mak-

---

**1.** "[T]ransfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest. 11 U.S.C.A. § 101(41) (Supp.1984).

ing delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return.... However, this subsection is not applicable if the person making delivery:

(a) complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or

(b) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or

(c) complies with the filing provisions of the chapter on Secured Transactions. (Chapter 9 of this title).

Tenn.Code Ann. § 47–2–326(3) (1979).

Byrd concedes that: (1) Tennessee does not have an applicable sign statute; (2) the debtor was not generally known by his creditors to be substantially engaged in selling the goods of others; and (3) he did not comply with the filing provisions of the Uniform Commercial Code as enacted in Tennessee.

Byrd insists he was not a creditor of the debtor and that he never surrendered possession of the goods which he admittedly displayed for sale at the debtor's business premises. However, Tenn.Code Ann. § 47–2–326(3) (1979) mirrors the facts in this case. Hence, the goods delivered to the debtor's premises by Byrd for resale were held on a "sale or return" basis, subject to claims of the debtor's creditors. Further, Byrd was a creditor of the debtor because he had a prepetition "claim" entitling him to payment for or return of the goods he placed on the debtor's premises. See 11 U.S.C.A. § 101(4) (1979).

In *In re Gross Mfg. and Importing Co., Inc.*, 328 F.Supp. 905 (D.N.J.1971), the district court, in reversing a decision entered in the bankruptcy court, held that the return of goods, delivered to a debtor pursuant to an unfiled consignment which by law

was a "sale or return," within four months prior to the filing of a petition in bankruptcy by the consignee, constituted a voidable preference under former Bankruptcy Act § 60, the predecessor of Code § 547. Judge Drake, in *In re A.J. Nichols, Ltd.*, 21 B.R. 612, (Bankr.N.D.Ga.1982), concluded that goods which had been shipped to the debtor on a consignment basis for the purpose of sale had to be regarded as "on sale or return," thus subject to claims of the debtor's creditors. Citing *In re Gross Mfg. and Importing Co., Inc.* with approval, Judge Drake held that the debtor's return of the goods to the defendant within the preference period constituted a voidable preference under Code § 547. *In re A.J. Nichols, Ltd.*, 21 B.R. at 616.

In the case before this court, the testimony of the president of the debtor corporation, Thomas W. Hoye, clearly establishes that a debt was owing by the corporation to Byrd.[2] According to Hoye, the debt was $3,200.00 but Byrd agreed to accept $2,748.30, the "down payment" on the lot.[3] The debt was satisfied June 16, 1983, within 90 days of the filing of the bankruptcy petition.

Byrd also concedes that the debtor was insolvent in June 1983, and that the payment of his debt in full (if found to be a preference) enabled him to receive more than other creditors of the same class. All elements necessary to avoid the preference having been admitted or established, the preference will be avoided. 11 U.S.C.A. § 547(b) (1979).

### III

■ The trustee's preference action against the defendant Commercial Building Systems is based upon the following facts.

Thomas W. Hoye, president and sole stockholder of the debtor Kingsport Hardware, Inc., operated a sole proprietorship under the trade name of Commercial Building Systems, located on the same premises as that occupied by the debtor. Commer-

---

**2.** "Debt" means liability on a claim. 11 U.S.C.A. § 101(11) (1979). "Claim" means a right to payment, whether or not such right is liquidated, unliquidated, fixed, contingent, matured, unma-

tured, legal or equitable. 11 U.S.C.A. § 101(4) (1979).

**3.** See Section 341 Meeting Transcript of Proceedings at 9–10, 19.

cial Building Systems rented a Pepsi-Cola vending machine but later turned it over to the debtor. Over a period of time some $510.00 was remitted by the debtor to Pepsi-Cola. It is this sum that the trustee seeks to recover from Hoye and Commercial Building.

The undisputed facts clearly negate the trustee's rights to any recovery. It is undisputed that when the debtor corporation came into existence its employees began depositing receipts from the machine into the debtor's cash register and periodically would pay Pepsi-Cola from either the cash register receipts or from the debtor's checking account. It is apparent, therefore, that no payment (transfer of property of the debtor) was made to Hoye or Commercial Building and that payments made to Pepsi-Cola were nothing more than ordinary weekly payments on an account due to a creditor in the regular course of business. See 11 U.S.C.A. § 547(c)(2) (1979) (ordinary course of business exception to the trustee's right to avoid transfers).

The trustee is not entitled to any recovery against defendants Thomas W. Hoye or Commercial Building Systems as the result of payments to Pepsi-Cola.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.