ADAMS, Circuit Judge,
concurring.
I concur in the judgment reached by the majority, but because I arrive at the result by a somewhat different route, I write separately to explain my position. Specifically, I believe that the conclusion reached by the Court today can be attained by limiting ourselves to an interpretation of the Federal Bankruptcy Act, and without undertaking to construe the Pennsylvania Motor Vehicle Code. Such a position is preferable, in my view, for two reasons: first, I do not believe that a federal court should interpret a state statute that has never been previously interpreted by a state court unless such a construction is necessary to adjudicate a dispute. And, second, I am not as confident as the majority that its interpretation of the Pennsylvania Motor Vehicle Code, 75 Pa.Cons.Stat. Ann. § 1132(b) (Purdon 1984), comports with the intent of the Pennsylvania Legislature. I find § 1132(b) less clear than does the majority and would leave the task of *795 clarifying it to the Pennsylvania courts. However, because I believe that Union Bank has failed to carry its burden of proving that it perfected its lien within the 10 day period provided by 11 U.S.C. § 547(c)(3)(B) (1982), I join the majority in reversing the district court’s order.
The Federal Bankruptcy Act, 11 U.S.C. § 547(b) (1982), provides that a trustee in bankruptcy “may avoid any transfer of property of the debtor ... made ... on or within 90 days before the date of the filing of the petition____” The parties in this action agree that the Bank’s security interest is a preferential transfer, avoidable under § 547(b), unless one of the exceptions provided in 11 U.S.C. § 547(c) is available. I concur with the majority that § 547(c)(1), which protects “substantially contemporaneous exchange[s]” from avoidance under § 547(b), was not intended to be applied to a case such as this one. Thus, in order to enforce its security interest, the Bank must persuade the Court that its lien falls within the precise terms of § 547(c)(3), which provides an exception for certain purchase money loans. That subsection states that a trustee “may not avoid ... a transfer ... of a security interest in property acquired by the debtor ... that is perfected before 10 days after such security interest attaches____” Union Bank, as the party seeking to enforce its lien under one of the exceptions to § 547(b), has the burden of proving that its security interest falls within that exception. See In re Tinnell Traffic Services, Inc., 43 B.R. 277, 279 (Bankr.M.D.Tenn.1984); In re Georgia Steel, Inc., 38 B.R. 829, 838 (Bankr.M.D.Ga.1984); In re Haynes, 28 B.R. 136, 137 (Bankr.M.D.Tenn.), aff'd 33 B.R. 118 (M.D.Tenn.1983).[1]
To determine whether Union Bank perfected its security interest within the 10 day period established by § 547(e)(3)(B), we must look to state law. See In re Vodco Volume Development Co., Inc., 567 F.2d 967, 960 (10th Cir.1977), cert. denied, 439 U.S. 806, 99 S.Ct. 62, 58 L.Ed.2d 98 (1978). The Pennsylvania Motor Vehicle Code, 75 Pa.Cons.Stat.Ann. § 1132(b), establishes the method by which a security interest in an automobile is perfected. It states that “[a] security interest is perfected by notation thereof by the department [of motor vehicles] on the certificate of title for the vehicle.” It goes on to describe the method by which a lienholder may obtain such notation. A definitive construction of this provision has yet to be rendered by the Pennsylvania courts. It seems plausible that the statute could be interpreted to require only the filing of the necessary documents by the lienholder with the Department of Motor Vehicles [DMV], rather than issuance of the certificate of title by the DMV, to establish the date of perfection of a security interest.
However, while arguing that § 1132(b) should be read by this Court to establish the date of filing with the DMV as the date of perfection of a security interest, Union Bank has failed to carry its burden of proving the date on which its documents were filed with the DMV. Thus, even if we were to read the Pennsylvania statute as suggested by the Bank, we could not find that it perfected its lien on the automobile within the 10 day period established by § 547(c)(3)(B) of the Bankruptcy Act.
Because Union Bank has failed to carry its burden of proving that it timely perfected its security interest under any reading of § 1132(b), I would not reach the question of the correct interpretation of that provision. Inasmuch as the Bank has failed to establish that it perfected its lien within the period provided by § 547(c)(3), I agree that the lien is avoidable and that therefore the district court judgment must be reversed.

. This rule was made part of the statute by amendment, effective with respect to all cases filed after October 8, 1984. See 11 U.S.C.A. § 547(g) (West Supp.1985). The amendment was intended to codify what the Committee perceived as the accepted rule regarding the burden of proof under § 547(c). See S.Rep. No. 65, 98th Cong., 1st Sess. 81 (1983) (describing the addition of the new subsection as a "stylistic change”).