**In re Sandra Darlene Parr RECTOR, Debtor.**

**Ward HUDDLESTON, Jr., Trustee, Plaintiff,**

v.

**E. Ronald CHESNUT, Francis X. Santore, and Thelma Cosson, Defendants.**

Bankruptcy No. 3–81–00098.

Adv. No. 3–81–0462.

United States Bankruptcy Court, E. D. Tennessee.

Oct. 8, 1981.

Ward Huddleston, Jr., Kingsport, Tenn., for plaintiff.

James K. Miller, Morristown, Tenn., for defendant Thelma Cosson.

E. Ronald Chesnut and Francis X. Santore, pro se.

## MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT, THELMA COSSON

CLIVE W. BARE, Bankruptcy Judge.

At issue in this adversary proceeding is whether payments in the total amount of $1500 made to a court reporter and two attorneys within 90 days of the filing of the debtor's bankruptcy petition may be avoided by the bankruptcy trustee as preferential transfers. 11 U.S.C. § 547(b).

### I

In October 1980 Sandra Rector and Michael Lee Rector obtained a divorce in the Circuit Court for Washington County in Jonesboro, Tennessee. The judgment required Michael Rector to pay $1500 into the Court Registry. On December 3, 1980, the court entered an order which stated that "the Fifteen Hundred ($1500.00) Dollars heretofore ordered to be paid into the Registry of this Court ... is hereby impressed with a lien in favor of E. Ronald Chesnut and Francis X. Santore, attorneys for the counter-plaintiff (Sandra Rector) for their contractual attorneys' fees and for court reporter services rendered in this case." The order further required the court clerk to pay $299.00 to Thelma Cosson, Court Reporter, and $1201.00 to Ronald Chesnut

and Francis X. Santore. Pursuant to that order, the Clerk on the same day paid $299.00 to Thelma Cosson and $1201.00 to Ronald Chesnut and Francis X. Santore. On January 20, 1981, Sandra Rector filed a petition in bankruptcy with this court. By order dated January 28, 1981, Ward Huddleston, Jr. was appointed bankruptcy trustee.

On June 11, 1981, the trustee filed the complaint initiating this adversary proceeding. The trustee asserts the transfers to the defendants, Thelma Cosson, Francis X. Santore, and Ronald Chesnut are avoidable preferences under § 547[1] and should be recovered by the trustee for the benefit of all creditors.

Thelma Cosson insists that she had no contractual relationship with the debtor, that contacts were with Attorney Santore only and she expected payment from him. Santore and Chesnut insist that § 547 applies only to payments to unsecured creditors. They assert they are secured creditors by virtue of T.C.A. § 23–2–102 so that § 547 is not applicable.[2]

On July 30, 1981, Cosson filed motion for summary judgment. On August 28, 1981, the trustee moved for summary judgment. Bankruptcy Rule 756; F.R.C.P. 56. No motion for summary judgment has been filed by defendants Santore and Chesnut.

### II

Section 547(b) permits the trustee to avoid "any transfer of property of the debtor" if the conditions specified in that section are met. Section 547(b) is intended to

---

1. "(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; ...
   (5) that enables such creditor to receive more than such creditor would receive if—
       (A) the case were a case under chapter 7 of this title;
       (B) the transfer had not been made; and
       (C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. § 547(b).

2. "Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit." T.C.A. § 23–2–102.

promote equality of distribution among the creditors of the debtor. *See* H.R.Rep.No. 95–595, 95th Cong. 1st Sess. 178, *reprinted in* [1978] U.S.Code Cong. & Ad.News, 5787, 5963, 6138. The transfer to be avoided must have had the effect of depleting the debtor's assets. Therefore, it is essential that the property transferred be property of the debtor. 4 Collier on Bankruptcy ¶ 547.08[2] (15th ed. 1979). *I–T–E Circuit Breaker Company v. Holzman*, 354 F.2d 102 (9th Cir. 1965).

This court has previously stated that it "is a primary requisite of a preference that property of the debtor be transferred. Where the property taken by the creditor is not property of the debtor and the transfer does not deplete the debtor's assets, there is no preference." *In the Matter of Hatmaker*, No. 21,083 (E.D.Tenn.1965).

In the present case the funds paid to the defendant Cosson had been paid into the Circuit Court by the debtor's ex-husband in accordance with the order of that court. Those funds were never subject to the debtor's control or disposition. It is therefore abundantly clear that there was no depletion of the debtor's estate. The funds paid into the court registry and thence to the reporter were the property of the debtor's ex-husband. At no time were these funds property of the debtor. Creditors of the same class as the defendant could not have resorted to the $1500.00 as those funds had been "earmarked" for a specific purpose. Accordingly, the transfer may not be avoided by the trustee under 11 U.S.C. § 547. The elements of a preference are simply not present.

The trustee's motion for summary judgment is denied. Defendant Thelma Cosson's motion for summary judgment is granted.

IT IS SO ORDERED.