**In re Vernon TAYLOR, Don Ann Taylor, Debtors.**

**JACKSON PURCHASE PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

**v.**

**Vernon TAYLOR, et al., Defendants.**

Bankruptcy No. 5–81–00371.
Adv. No. 5–82–0024.

United States Bankruptcy Court,
W.D. Kentucky.

Jan. 31, 1983.

J. William Phillips, Murray, Ky., for defendants-debtors.

James B. Brien, Jr., Mayfield, Ky., for plaintiff.

MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter came before the Court for a trial on the issues here presented on January 19, 1983, at which time the parties appeared both in person and by counsel, and testimony was heard.

It is uncontroverted that the debtor listed for sale by auction a house and lot, retain-

ing in the contract for sale the right to reject the last bid thereon. On August 28, 1981, the debtor executed a document (Plaintiff's Exhibit # 1) purporting to give to one Palmer Harris his power of attorney to act in all matters concerning the sale of the real estate in question.

On August 29, 1981, the property was offered for sale, and the highest bid received therefor was the sum of $41,000.00 offered by the plaintiff here. Harris, acting under the power of attorney, rejected the bid and, as stipulated, the debtors thereafter conveyed to Harris and his wife a deed to the property in question for the sum of $39,000.00 paid by Harris through the assumption of a mortgage in the amount of $29,000.00 and the extinguishment of a pre-existing $10,000.00 debt due Harris from the debtor.

The plaintiff brings this action as a party in interest in a bankruptcy case filed December 1, 1981, by the debtors, alleging that this transfer constituted a preference to the extent of the extinguishment of the pre-existing debt pursuant to 11 U.S.C. § 547(b)(4)(B). Plaintiff alleges that Harris was an "insider" and had reasonable cause to believe that the debtor was insolvent at the time of said transfer.

The issues here presented are whether or not at the time of the transfer Harris was an insider as defined under 11 U.S.C. § 101(25), and whether the other requisites of § 547 are met.

Testimony developed at the trial adduced that Harris had some previous business transactions with the debtor over a period of several years which included the construction of a home for the Harrises and some loans of money, and that Harris was a lifetime friend and classmate of the debtor. However, Harris had never been engaged in any business activity where he was an officer, director, stockholder, partner or joint venturer with the debtor. It is further found, based on the testimony of plaintiff's witnesses, that prior to the transfer the plaintiff was a creditor of the debtor but held no secured interest in the realty in question. Plaintiff had apparently agreed in principle with the debtor to apply the proceeds from the auction sale to its debt in lieu of liquidating collateral in which it held an interest.

It is uncontroverted that the debtor did attempt to give to Harris a valid power of attorney for the purposes outlined in the document (Plaintiff's Exhibit # 1), and that on the auction sale date Harris attempted to act under that authority to reject the plaintiff's bid. Mr. C.W. Shelton, in charge of conducting the auction sale and appearing as witness for the plaintiff, testified that Harris presented the debtor's power of attorney to him at the time of the sale and thereunder attempted to reject plaintiff's bid. Shelton further testified that he refused to recognize the power of attorney, and at the close of bidding prepared an agreement of sale to the plaintiff for signature by the debtor. He attempted further to prevail on the debtor to reconsider the plaintiff's offer and prepared a deed from the debtor to the plaintiff to finalize said sale.

Section 547(b) of the Bankruptcy Code presents five (5) criteria which are to be applied to a transfer of property of the debtor, and provides that the trustee may avoid any transfer of property of the debtor which satisfies all five criteria. The criteria are: (1) the transfer must have been to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) on ninety days before the date of the filing of the petition, or within one year before the date of the filing if the creditor was an insider at the time of the transfer and had reasonable cause to believe that the debtor was insolvent; and (5) which enabled the creditor to receive more than he would have received under the provisions of the Code.

In *In Re Kelley,* 3 B.R. 651 (Bkrtcy., E.D.Tenn.1980), the court stated that all of these elements must be present before a transfer may be found to be preferential. See *Gentry v. Twin City Glass, Inc.,* 358 F.Supp. 1022 (W.D.La.1973); *In Re National Buy-Rite, Inc.,* 7 B.R. 407, 409 (Bkrtcy., N.D.Ga.1980); *In Re C.S. Mersick & Co.,* 1 B.R. 599, 601 (Bkrtcy., D.Conn.1979).

■ In addition, the burden of proof to establish each of the elements in § 547(b) by a preponderance of the evidence rests with the trustee [plaintiff]. *In Re Denaburg,* 7 B.R. 274, 275 (Bkrtcy., N.D.Ala. 1980). See also *American Nat'l Bank & Trust Co. v. Bone,* 333 F.2d 984, 987 (8th Cir.1964); *Mizell v. Phillips,* 240 F.2d 738, 740 (5th Cir.1957).

Section 101(25) of 11 U.S.C. as pertinent to the instant situation defines the term "insider" as:

"(25) 'insider' includes—

(A) if the debtor is an individual—

(i) relative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; or

(iv) corporation of which the debtor is a director, officer, or person in control...." 11 U.S.C. § 101(25)(A).

■ An "insider" generally is an entity whose close relationship with the debtor subjects any transactions made between the debtor and such entity to heavy scrutiny. Such creditor must be an insider at the time of the transfer in order for the trustee to avoid the transfer. Who will qualify as an insider must be held as a question of fact. 2 *Collier on Bankruptcy,* ¶ 101.25 (15th Ed. 1979).

The remaining issue under § 547 is whether or not the creditor had reasonable cause to believe that the debtor was insolvent at the time the transfer was made. "Reasonable cause" criteria applied under the Code are the same as those under former § 60(b). 4 *Collier on Bankruptcy,* ¶ 547.30 (15th Ed.1979). Thus, each case must be considered in the light of its own facts as the circumstances surrounding each preferential transfer differ from case to case and positive proof of collusion is rarely encountered, and, for that reason, the use of circumstantial evidence has been accepted as proper basis for a decision. *In Re Llewellyn,* 15 F.Supp. 653, 654 (M.D.Pa. 1936); also see *In Re Gruber Bottling Works,* 16 B.R. 348 (Bkrtcy., E.D.Pa.1982);

*In Re Castillo,* 7 B.R. 135 (Bkrtcy., S.D.N.Y. 1980); *Matter of Montanino,* 15 B.R. 307 (Bkrtcy., D.N.J.1981).

■ It is apparent that Harris is not an insider within the definition set forth in § 101(25), and further that even if the granting of a power of attorney is sufficient to establish the insider status necessitated for a preferential transfer beyond ninety (90) days and within one (1) year of the filing of a petition for relief, the actions of Shelton in refusing to recognize the validity of the power of attorney is fatal in this instance. It is not only the existence of the insider status which is necessary but actions taken pursuant to that status which must be proven before the plaintiff can prevail.

Here, the burden of proof rests with the plaintiff not only to establish the existence of Harris' insider position, but that as a result of his favored position he obtained preferential treatment by way of transfer of property for an antecedent debt. The transfer in question occurred more than ninety (90) days before the date of filing. Both Harris and the plaintiff were unsecured creditors on August 29, 1981, and unquestionably each was seeking to enhance its position at the time the debtor had the legal right to discriminate among his creditors. The debtor's motives therefor are immaterial. The real complaint of the plaintiff here appears to be the loss of the race for a preference.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the plaintiff having failed to sustain its burden of proof as to the elements of a preferential transfer pursuant to 11 U.S.C. § 547, the complaint be and hereby is dismissed. This is a final order.