In re TINNELL TRAFFIC
SERVICES, INC., Debtor.

T. Larry EDMONDSON,
Trustee, Plaintiff,

v.

ALADDIN SYNERGETICS,
INC., Defendant.

Bankruptcy No. 380–00716.
Adv. No. 382–0162.

United States Bankruptcy Court,
M.D. Tennessee.

Oct. 2, 1984.

T. Larry Edmondson, Nashville, Tenn., trustee.

B. Gail Reese, Nashville, Tenn., for defendant.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on cross-motions for summary judgment. The trustee asserts that the defendant, Aladdin Synergetics, Inc., received preferential transfers from the debtor, Tinnell Traffic Services, Inc., in the amount of $14,962.42. The defendant has asserted that the funds it received from the debtor were not property of the debtor but were property of the defendant held by the debtor as an agent or bailee. Upon consideration of the evidence presented, stipulations, briefs of the parties and the entire record, this court concludes that the trustee's motion for summary judgment should be GRANTED and that the defendant's cross-motion for summary judgment should be DENIED.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In May, 1976, the debtor and the defendant entered into a contract. The debtor agreed to audit and pay all freight bills it received on behalf of the defendant in return for commission payments. The defendant agreed to reimburse the debtor each week for payments made on its behalf. Pursuant to the contract, the debtor forwarded to the defendant on a weekly basis, a list of all freight bills paid for the defendant. Upon receipt of the list, the defendant would reimburse the debtor by transferring funds to one of the debtor's bank accounts.

On February 22, 1980, the debtor knowingly sent a false freight bill list to the defendant. The list showed that the defendant owed the debtor $14,962.42 for the payment of freight bills when, in fact, these bills had never been paid. On February 25, 1980, the defendant, unaware that the list was false, transferred $14,962.42 to the debtor. On February 28, 1980, the debtor paid the sum of $14,962.42 to the defendant.

## I.

The court recognizes that in order for summary judgment to be granted, it must determine upon consideration of the entire record that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *McAllester v. Aldridge (In re Anderson)*, 30 B.R. 995 at 1000 (M.D.Tenn.1983). In the present case, the court has determined that no material facts are disputed.

In order to establish the existence of a preferential transfer pursuant to 11 U.S.C. § 547(b) (West 1979), the trustee must establish the threshold element that the property transferred belonged to the debtor. *Waldschmidt v. Ranier (In re Fulghum Construction Company)*, 7 B.R. 629, 631 (Bankr.M.D.Tenn.1980), *aff'd*, 14 B.R. 293 (M.D.Tenn.1981), *aff'd. in part and rev'd in part*, 706 F.2d 171 (6th Cir. 1983). See also *Loeb v. G.A. Gertmenian & Sons (In re A.J. Nichols, Ltd.)*, 21 B.R. 612, 615 (Bankr.N.D.Ga.1982); *Huddleston v. Chestnut (In re Rector)*, 14 B.R. 1008, 1010 (Bankr.E.D.Tenn.1981); *Young v. Nadelson Displays, Inc. (In re Lucasa International, Ltd.)*, 14 B.R. 980, 982 (Bankr.S. D.N.Y.1981); 4 COLLIER ON BANKRUPTCY § 547.08 (15th ed. 1983). To determine the debtor's rights in specific property, the court must look to state law. *Bojalad & Company v. Holiday Meat Packing, Inc.*, 30 B.R. 737, 741 (Bankr.W. D.Pa.1983); *Albion Production Credit Association v. Langley*, 30 B.R. 595, 598 (Bankr.N.D.Ind.1983); *Central Trust Company v. Shepard*, 29 B.R. 928, 931 (Bankr. M.D.Fla.1983); *Turner v. Burton*, 29 B.R. 628, 630 (Bankr.D.Me.1983).

In the present case, the defendant alleges that it did not receive property of the debtor, but merely received a return of its own property. Due to the business

relationship between the defendant and the debtor, the defendant argues that the debtor held its property in either an agency or bailment relationship. Upon an examination of the applicable law, this court is of the opinion that the property transferred was owned by the debtor and not by the defendant.

A bailment is defined as "... a delivery of personalty for a particular purpose or on mere deposit, on a contract expressed or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it or otherwise dealt with according to his direction or kept until he reclaims it." *Merritt v. Nationwide Warehouse Co., Ltd.*, 605 S.W.2d 250, 252 (Tenn. Ct.App.1980). *Rhodes v. Pioneer Parking Lot, Inc.*, 501 S.W.2d 569 (Tenn.1973); *Dispeker v. New Southern Hotel Company*, 373 S.W.2d 904 (Tenn.1963). Likewise, when an agent is entrusted with the care of a principal's property, ownership remains in the principal. *Cuffman v. Blunkall*, 124 S.W.2d 289 (Tenn.Ct.App.1938).

In the present case, the facts establish that the defendant paid the debtor in repayment for funds the debtor claimed to have expended in the defendant's behalf. The defendant did not provide the debtor with funds to be held and then returned. Thus, it is clear that the property did in fact become property of the debtor and was neither held by the debtor as a bailee nor entrusted to the debtor's care in an agency relationship.

## II.

■ Since the trustee has established that the funds in question were property of the debtor, the court must determine whether the trustee has carried his burden with respect to the five essential elements of a § 547(b) preference.[1] *Waldschmidt v. Ford Motor Credit Company (In re Murray)*, 27 B.R. 445, 447 (Bankr.M.D.Tenn. 1983); *Eggleston v. Third National Bank*, 19 B.R. 280, 281–82 (Bankr.M.D.Tenn. 1982). See also *Steel Structures, Inc. v. Star Manufacturing Company*, 466 F.2d 207, 217 (6th Cir.1972). In the present case, the court must also consider whether the defendant is entitled to retain the funds in question under the contemporaneous exchange exception pursuant to 11 U.S.C. § 547(c)(1). The defendant must bear the burden of proof in establishing the elements of a § 547(c) exception. *Waldschmidt v. Miracle Motors (In re Haynes)*, 28 B.R. 136 (Bankr.M.D.Tenn.1983).

■ Based on the stipulations and the pleadings of the parties, it is clear that the five essential elements of § 547(b) have been established. First, this court has determined that the debtor neither held the funds in question in a bailment relationship nor was entrusted with the funds as an agent; therefore, the defendant received the funds as a creditor. Second, the parties have stipulated that the defendant received the funds in question as a repayment of funds previously forwarded to the debtor. Third, the transfer took place within 90 days of the date of the filing of the bankruptcy petition. Fourth, the debtor is presumed to have been insolvent pursuant to 11 U.S.C. § 547(f) (West 1979).[2] *Middle Tennessee Marine, Inc. v. I.T.T.*

1. 11 U.S.C. § 547(b) (West 1979) provides in relevant part:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
  (1) to or for the benefit of a creditor;
  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
  (3) made while the debtor was insolvent;
  (4) made—
    (A) on or within 90 days before the date of the filing of the petition; or

  (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

2. 11 U.S.C. § 547(f) (West 1979) states:

"(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

*Diversified Credit Corp.*, No. 380–02844, Adv.Proc. No. 380–0650 (Bankr.M.D.Tenn., May 1, 1981); *McLemore v. Carson, Ltd. (In re Sealy)*, 34 B.R. 947, 952 n. 5 (Bankr. M.D.Tenn.1983); *Cohen v. Kern (In re Kennesaw Mint, Inc.)*, 32 B.R. 799, 803 (Bankr.N.D.Ga.1983). Fifth, the defendant, an unsecured creditor, received 100% payment of its debt as a result of the transfer in question. Had this transfer not occurred, the defendant would have received significantly less on its unsecured claim under this Chapter 7 liquidation.

### III.

The defendant argues that the transfer is excepted from avoidance pursuant to 11 U.S.C. § 547(c)(1) (West 1979).[3] In order to establish a § 547(c)(1) exception, the defendant must prove not only that a substantially contemporaneous exchange for new value occurred but also that the debtor and creditor intended the transaction to be a contemporaneous exchange for new value. *Ray v. Security Mutual Finance Corporation (In re Arnett)*, 731 F.2d 358 (6th Cir.1984); *Ray v. Gulf Oil Products (In re Blanton Smith Corporation)*, 37 B.R. 303, 307 n. 6 (Bankr. M.D.Tenn.1984); *Eckles v. Pan American Marketing (In re Balducci Oil Company, Inc.)*, 33 B.R. 843, 846 (Bankr.D.Colo.1983); *Ford Motor Credit Company v. Ken Gardner Ford Sales, Inc.*, 23 B.R. 743, 746–747 (E.D.Tenn.1982).

Based on the stipulations submitted by the parties, the court is convinced that no basis exists for a § 547(c)(1) defense. Based upon fraudulent invoices, the defendant transferred to the debtor $14,-962.42. Four days later, the debtor admitted that it had deceived the defendant and accordingly, paid the defendant $14,962.42. The transaction in question was clearly a situation in which the debtor had a change of heart and paid the defendant for funds it had wrongfully obtained. A contemporaneous exchange for new value was not intended by the parties and indeed, never occurred.

The court will accordingly enter an order GRANTING summary judgment to the trustee and requiring the defendant to turnover to the trustee preferential transfers in the amount of $14,962.42.

IT IS, THEREFORE, SO ORDERED.

---

**3.** 11 U.S.C. § 547(c)(1) (West 1979) provides in relevant part:

"(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange; ...."