In re Ronald T. & Joyce A. ALBERS, Debtor(s).

Quentin M. DERRYBERRY, II, Plaintiff(s),

v.

Carl T. ALBERS, Defendant(s).

Bankruptcy No. 86–0051.

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 17, 1986.

Steve Diller, Zan Wert, Ohio, for plaintiff.

Carl T. Albers, pro se.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed by the Plaintiff in the above entitled action. Although the Plaintiff has supported this Motion with his written arguments, the Defendant has not responded or otherwise opposed the Motion. The Court has reviewed the Plaintiff's arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion For Summary Judgment should be granted, and that judgment should be entered for the Plaintiff.

## FACTS

The facts in this case, to the extent they have not already been established in another proceeding involving these same parties, do not appear to be in dispute. The Plaintiff is the Trustee in the underlying Chapter 7 proceeding. The Defendant is the father of the Husband-Debtor.

In an earlier adversary action, *Derryberry v. Albers, (In Re Albers)*, 60 B.R. 206 (Bkcy.N.D.Ohio 1986), the Trustee sought to recover from the Defendant certain preferential transfers made by the Debtors prior to the filing of their voluntary Chapter 7 petition. That case proceeded to trial, at which both parties had the opportunity to present any evidence they wished to have the Court consider. In an Order dated

April 16, 1986, this Court found the transfers addressed in that Complaint to be avoidable pursuant to 11 U.S.C. § 547(b). As a part of that Order, this Court made certain findings with regard to the nature of the debtor-creditor relationship which existed between the Husband-Debtor and the Defendant. These findings included the fact that there existed between the Defendant and the Debtors an obligation to the Defendant arising out of a hog farming operation which, prior to the filing of the Debtors' Petition, was run by the Debtors. As indicated in that Order, this debt was created as the result of certain advances made by the Defendant to the Debtors when the Debtors assumed operation of the farm. It also resulted from advances made by the Defendant during the course of the Debtors' undertaking. To the extent not set forth or modified in this Order, this Court adopts, for purposes of this case, the findings made in the prior adversary action. *See, Derryberry v. Albers (In re Albers),* supra.

As it relates to the present case, a review of the Debtors' schedules finds that on or about January 2, 1984, the Debtors transferred to Alvira Albers, the Husband-Debtor's mother, a mobile home. The schedules indicate that the trailer was "Transferred ... at Market Value & Applied To Repayment of Loan ...". Although the Complaint indicates that the trailer had a value of approximately Seven Thousand and no/100 Dollars ($7,000.00), a review of the evidence in the prior proceeding reflects that the Defendants credited the Debtor's account for Six Thousand Five Hundred and no/100 Dollars ($6,500.00) in return for the transfer of the trailer. While the schedules show the trailer as being returned to Alvira Albers, the certificates of title for the trailer offered by the Trustee in support of the Motion For Summary Judgment indicate that it was actually transferred to the Defendant.

In an effort to recover the value of the trailer for the benefit of creditors, the Trustee filed the above entitled adversary action. As in the prior case, the Trustee alleges that the transfer is avoidable under the provisions of 11 U.S.C. § 547(b). Specifically, the Trustee asserts that the Defendant, being an insider of the Debtors, received more as a result of the transfer than he would have received in an administration of this case had the transfer not been made. Although the Defendant has filed an Answer in this case, he has not responded to the Motion For Summary Judgment. It should be noted that the Defendant, as he did in the prior action, appears *pro se* in this case.

The Trustee has moved the Court for summary judgment in this proceeding. In doing so, he argues that all questions of material fact are not subject to serious dispute as a result of both the findings of fact in the prior case and the evidence offered in the present action. In support of the Motion For Summary Judgment, he has presented the Court with copies of the certificates of title to the trailer. Those certificates reflect a transfer of the trailer from the Debtors to the Defendant on or about February 3, 1984.

## LAW

The provisions of 11 U.S.C. § 547(b) state in pertinent part:

(b) ... the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title

Under this provision, a trustee may avoid the transfer of an interest of the Debtor in property which was made to a creditor on account of an antecedent debt which existed prior to the transfer if 1) the creditor was an insider of the debtor, 2) the creditor had reasonable cause to believe that the debtor was insolvent at the time of the transfer, 3) the transfer occurred within one year prior to the filing of the petition, 4) the debtor was insolvent at the time of the transfer, and 5) the transfer enabled the creditor to receive more than would have been received in a Chapter 7 liquidation had the transfer not been made. *Derryberry v. Albers,* supra, *Hunter v. Pool Pals Mfg., Inc. (In re Benson),* 57 B.R. 226 (Bkcy.N.D.Ohio 1985).

As was indicated in *Derryberry v. Albers,* supra, the Defendant was found to be an insider of the Debtors by virtue of his family relationship. Furthermore, the Defendant was found to have had reasonable knowledge of the Debtors' insolvency. The Court also found that there existed between the Debtors and the Defendant a debtor-creditor relationship as the result of the Defendant's advances for the hog farm operations. In addition, the Debtor was found to be insolvent at the time the transfer addressed in that case was made. By virtue of those findings, it must be concluded that those particular elements of an action under 11 U.S.C. § 547(b) have been established for purposes of this case. Therefore, the only questions which must be addressed in this case are whether or not 1) there was another transfer of an interest in property, 2) the transfer occurred within one year prior to the filing of the Debtors' petition, 3) the Defendant received a greater percentage of the obligation than he would have received had the transfer not been made, and, 4) the Debtors were insolvent at the time of this transfer.

■ As to the question of transfer, the certified copies of the certificates of title offered by the Trustee demonstrate that the Husband-Debtor was the owner of the mobile home prior to the transfer. The certificates also show that the trailer was transferred to the Defendant on or about January 3, 1984. Such a transfer of ownership is clearly within the contemplation of 11 U.S.C. § 547(b) as a transfer of an interest in property. Furthermore, as to the time element, the certificates clearly indicate that the transfer occurred on January 3, 1984. Since that date falls well within the one year period which preceded the filing of the petition, on May 16, 1984, it must be concluded that there was a transfer of an interest in property, and that it occurred within the time parameters set forth in 11 U.S.C. § 547(b)(4).

■ Turning to the question as to the percentage of the obligation received as a result of the transfer, the records reflect that at the time this transfer was made the Defendant was owed approximately Seventy-four Thousand and no/100 Dollars ($74,000.00). However, this amount includes the reduction of the Debtors' total debt as a result of the transfer which was heretofore avoided. Prior to either transfer the Defendant was owed approximately One Hundred Forty-six Thousand and no/100 Dollars ($146,000.00). Since the transfers occurred within a short time from one another, and since the transfers were credited to the same debt which existed between these same parties, the Court will consider collectively the effect of both transfers for purposes of determining whether or not the Defendant received a disproportionate share of his obligation.

■ As was indicated in the earlier case, the prior transfer enabled the Defendant to receive approximately fifty percent (50%) of the obligation which was owed at the time it was made. The subsequent transfer of the mobile home increased the return on the obligation to approximately fifty-three percent (53%). A review of the schedules still finds that had the transfers not been made the Debtor's liabilities and assets would approximate Two Hundred Forty-five Thousand Nine Hundred Thirty-one and 67/100 Dollars ($245,931.67) and

Seventy-nine Thousand Seven Hundred Thirty-one and no/100 Dollars ($79,731.00), respectively. Inasmuch as the Debtors have no secured or priority debts, and have elected to exempt only One Thousand Four Hundred Eleven and no/100 Dollars ($1,411.00) worth of assets, there would have been paid to unsecured creditors approximately thirty-one percent (31%) of the unsecured obligations had the transfers not been made. Since this percentage is significantly less than the percentage received by the Defendant as a result of the transfers, then it must be concluded that the Defendant received as a result of the transfer more than he would have received had the transfer not been made.

The final question which must be resolved is whether or not the Debtors were insolvent at the time of this particular transfer. In addressing that question, the Court notes that the transfer of the mobile home took place subsequent to the transfer avoided in the prior case. Inasmuch as the Debtors were found to have been insolvent at the time of the former transfer, this fact, in and of itself, is indicative of their continued insolvency at the time of the present transfer. However, a review of the Debtors' schedules and other records in this proceeding finds that a majority of the Debtors' obligations were incurred prior to either of the transfers challenged by the Trustee. There do not appear to have been any obligations incurred subsequent to the first transfer. There also does not appear to have been any acquisitions of property subsequent to the conveyances. Therefore, the balance of the Debtors' assets and liabilities, would clearly render the Debtors insolvent at the time the trailer was transferred. Accordingly, it must be concluded that the requirement of insolvency set forth in 11 U.S.C. § 547(b)(3) has been satisfied.

Based upon the foregoing analysis, there is no question of material fact with regard to the elements of 11 U.S.C. § 547(b) as they apply to the Debtors' transfer of the trailer. The evidence in the prior adversary proceeding established the fact that the Defendant was a creditor of the Debtors on a debt which existed prior to the filing of the Debtors' petition. It also established that the Defendant was an insider of the Debtor, and that he was insolvent at the time of the transfer addressed in that case. The evidence presented in the present action demonstrates that there was a transfer to the Defendant on account of the antecedent debt, that the transfer was made within one year prior to the Debtors' petition, that the Debtors were insolvent at the time of this transfer, and that this transfer further satisfied the Defendant's obligation to an extent greater than it would have been had the transfer not been made. Since these facts fulfill the requirements set forth in 11 U.S.C. § 547(b) for the avoidance of a prepetition transfer, it must be concluded that the Trustee is entitled to judgment as a matter of law.

It should be noted that although the Complaint seeks an avoidance of the transfer and a judgment in the amount of Five Thousand Five Hundred and no/100 Dollars ($5,500.00), the Complaint also states that at the time of the transfer the trailer was valued at approximately Seven Thousand and no/100 Dollars ($7,000.00). A review of the documents offered in connection with this bankruptcy proceeding finds that the Defendant credited the Debtors' account in the amount of Six Thousand Five Hundred and no/100 Dollars ($6,500.00) as a result of the transfer. The provisions of 11 U.S.C. § 550(a) state that a trustee is entitled to recover the property transferred or the value of that property. The evidence presently before this Court reflects that at the time of the conveyances the Defendant valued the trailer at Six Thousand Five Hundred and no/100 Dollars ($6,500.00). Since this information constitutes the best available evidence as to the value of the property, this Court will authorize a judgment for the avoidance of the transfer in this amount.

In reaching this conclusion the Court has considered all the evidence, arguments, and pleadings filed in this case, regardless of

whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that the Judgment be, and is hereby, entered for the Plaintiff in the amount of Six Thousand Five Hundred and no/100 Dollars ($6,500.00).