**In re Carl W. ALBERS, fdba Carl Albers & Sons; Albers Pork Producers and dba C & A Farm Trust and Alvira Albers Farm Trust, Alleged Debtor.**

**Bankruptcy No. 86–02253.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 23, 1987.

---

Steven L. Diller, Van Wert, Ohio, for petitioning creditors.

Charles E. McFarland, Newton Falls, Ohio, for debtor.

## ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the alleged Debtor's Motion to Extend Time in which to file an Answer to an Involuntary Bankruptcy Petition. A Hearing has been held on this matter, and the parties have had the opportunity to argue their respective positions at that time. Both parties have submitted memoranda in support of their positions. The Court has reviewed these arguments, as well as the entire record in this case. Based upon that review and for the following reasons, the Court finds that the alleged Debtor's Motion to Extend Time should be DENIED.

## FACTS

The facts in this matter appear to be as follows. The alleged Debtor's son, Ronald Albers, filed for bankruptcy in 1984. Quentin M. Derryberry, II, the Trustee of the bankruptcy estate of Ronald and Joyce Albers, obtained two judgments against the Defendant in this case. The first judgment was rendered after protracted proceedings in this Court. *See In re Albers*, 60 B.R. 206 (Bankr.N.D.Ohio 1986) (Judgment for $71,820 against Carl W. Albers for preferential transfer); *In re Albers*, 64 B.R. 154 (N.D.Ohio 1986) (District Court denied appeal on procedural grounds). The second judgment was for the preferential transfer of a mobile home to Carl W. Albers (hereinafter "Mr. Albers"). The amount of the second judgment was $6,500.00. *Derryberry v. Albers*, 67 B.R. 530 (Bankr.N.D.Ohio 1986) (Summary Judgment). These judgments are unsatisfied at the time of this opinion.

On October 16, 1986, the Trustee in the Ronald and Joyce Albers bankruptcy filed an Involuntary Petition against Carl W. Albers. On October 21, the Petition and Summons were served on Carl W. Albers both individually and as a representative of other businesses and trusts. Those businesses and trusts are: Carl Albers & Sons,

Albers Pork Producers, C & A Farm Trust, and Alvira Albers Farm Trust.

Mr. Albers has stated, through his Attorney, that he was unable to secure counsel until October 31, 1986. On November 6, Mr. Alber's Attorney moved for an extension of time in which to file his Answer. The original time for filing an Answer, under Bankruptcy Rule 1011(b), was November 10, 1986. The Court granted an eleven (11) day extension on November 17. The Trustee's Objection to the granting of an extension of time was not filed until November 18. The Court's Order granting the extension, allowed the Defendant, Mr. Albers, until November 21 to answer.

Mr. Alber's Attorney was in the hospital from November 12th to the 19th and was unable to travel for some time thereafter. On November 23, after informing the Court of his illness, Mr. Albers counsel filed a second Motion to Extend Time. Twenty-one (21) days were requested. The Motion stated that "evidence became available which, if handled properly, will enable the Debtor to prove that the alleged judgments held by the petitioner were obtained in a fraudulent manner." The Motion then asks for leave to extend time to prevent a "miscarriage of justice". The Trustee's second Objection was filed November 25, 1986.

At the Hearing on the second Motion to Extend Time, it became apparent that the nature of the "evidence" referred to was a document which may have been in Mr. Alber's wife's safe. The Defendant offered to provide an expert witness to show that a piece of documentary evidence used in one of the proceedings against Mr. Albers, was not a Bill of Sale, but rather a forgery or "composite".

Mr. Alber's Attorney also states that he feels he can prove that Mr. Albers is a farmer under the definitions of the Code, and therefore not subject to an involuntary proceeding.

The Trustee and the Attorney for the Trustee argue that the Court does not have the discretion to grant an extension of time. And if the Court does have the discretion, the Court should not use it to grant an extension. The Trustee further denies that the neglect in this matter was excusable. The Trustee also requests that a Trustee be appointed to preserve the assets of the alleged Debtor. Concern is expressed in the Trustee's brief that assets have disappeared and may have been improperly concealed. The Trustee's Objection contains a transcript of sworn testimony given in a state court on a debtor's examination to determine what means Mr. Albers would have to pay the two judgments against him.

## LAW

Bankruptcy Rule 1011(b) states in pertinent part:

(b) **Defenses and objections; when presented.** Defenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R. Civ.P. and shall be filed and served within 20 days after service of summons ...

Rule 1011 does not provide for any extension of time, it simply states that filing "shall" be done in twenty (20) days.

Bankruptcy Rule 9006(b)(1) states in pertinent part:

(b) **Enlargement.**

(1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

This provision is a general one, applying to all Bankruptcy Rules not specifically excluded. The three steps required for allowance of an extension of time are: a showing of cause to the satisfaction of the Court, a decision by the Court to exercise its discretion, and a showing by the movant that the failure was due to excusable neglect.

The effect of a decision to deny the Motion to Extend Time would be that a default judgment of bankruptcy would be entered by this Court under 11 U.S.C. § 303(h):

> (h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed.

The alleged Debtor argues that he has two valid defenses to the petition. The first defense that an Answer would raise is that Mr. Albers is a farmer. The definitional section of the Bankruptcy Code, 11 U.S.C. 101(17), provides:

> (17) "farmer" means person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person;

This definition is used for determining whether an involuntary case may be filed under 11 U.S.C. § 303(a) which excepts farmers from the group of persons subject to involuntary bankruptcy.

The Court is cognizant of the delicate balance that must be struck between an examination of the facts and allegations needed to determine if cause has been shown under 9006(b), and the rights of the Defendant to more fully develop his arguments at some later proceeding. With that in mind, the Court must nevertheless note the Trustee's assertion that Mr. Albers has sworn under oath that he is not a farmer and that 80% of his income does not come from farming. The Trustee further states that Mr. Albers testified that he gets all his money from certain trusts that he set up for himself and his wife and that he has no idea where the trust gets the money. Although this testimony is not before this Court, the Trustee's statements are subject to 11 U.S.C. § 303(i)'s provisions which outline the penalties for an involuntary petition made in bad faith.

If Mr. Albers is a farmer under the definition in § 101(17), it is hardly a time consuming defense to raise in an Answer. It would appear that the failure to raise this simple defense in the time allowed, particularly the time from October 31st to November 12th, before Counsel's illness, would not be excusable neglect. If, on the other hand, the defense is a complicated one because of the diversion of funds and assets by the alleged Debtor, it is not cause for the extension of time in this matter when it is weighed against the Trustee's fears that assets are disappearing. It would appear in the second instance that the Motion for Extension of Time should fail due to the absence of clean hands on the part of the alleged Debtor.

In addition, it is important to bear in mind that no action is foreclosed to Mr. Albers once he is before the Court. Plus, the provisions of § 303(i) provide the alleged Debtor with certain remedies if the Trustee's Petition is dismissed. However, the Trustee has pleaded a prima facie case and the Court does not see fit to exercise its discretion to override the requirements of 1011(b) and § 303(h).

The second issue raised by the alleged Debtor is the offer to prove that the judgments held by the Trustee were obtained by fraud. Initially, it must be noted that these are final judgments, and as such, are res judicata. The fact that the larger judgment was upheld on appeal, albeit on procedural grounds, raises difficult questions as to this Court's power to overturn it on review. For the purposes of this discussion, the Court will put aside the question of the propriety of this Court vacating an appealed decision. The Supreme Court stated in *Heiser v. Woodruff*, 327 U.S. 726 at p. 736, 66 S.Ct. 853 at p. 857, 90 L.Ed. 970 at p. 978 (1946):

> "Undoubtedly, since the bankruptcy act authorizes a proof of claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because ... it was procured by fraud of a party. (citations omitted).

Even with this concession to the Defendant's argument, the argument is not persuasive. It was stated at the Hearing on this matter that the alleged Debtor had come into possession of one "original" of a document used in procuring the judgments against Mr. Albers. It seems very difficult to reasonably infer how one "forged" Bill of Sale would be sufficient to invalidate two such dissimilar judgments. One judgment was for the transfer of hogs, the other for a house trailer. Both judgments were for more than the statutory amount, $5,000.00, required for an involuntary petition under § 303(b):

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title ...

> (2) if there are fewer than 12 such [claim] holders ... by one or more of such holders that hold in the aggregate at least $5,000 of such claims;

Only one of the judgments needs to stand for the Trustee to prosecute this action.

■ Moreover, disputing the validity of a judgment, or judgments, does not automatically disqualify a creditor from asserting the nonpayment of the debt in an involuntary petition under § 303(h). In *In re All Media Properties, Inc.*, 5 B.R. 126 (Bankr. S.D.Texas 1980), aff'd 646 F.2d 193 (5th Cir.1981) the Court stated:

> "The Congressional intent is rather clearly to qualify as a petitioning creditor any party holding a non-contingent claim, leaving to later or other proceedings the issue of substantial disputes as to liability. Congress has indicated that the primary issue in an involuntary proceeding is and should be whether the debtor is generally not paying his debts as they become due and that this issue may properly be placed before the court even though the creditor seeking the relief is the holder of a disputed claim. It therefore must follow that the trial of an involuntary petition is not the place to resolve complex disputes as to the validity of the claim."

5 B.R. at p. 135. This policy should apply with even greater force when, as in this case, the claims are final judgments.

■ The Court does not wish to convey the impression that it takes allegations of fraud upon the Court lightly. The Court has strongly demanded that any information regarding fraud be brought to the attention of the United States Attorney's Office. The allegations of fraud are insufficient only in the context of considering the extension of time to Answer the Involuntary Petition and the requirements of 11 U.S.C. § 303(b) that the Petitioner be a holder of a claim against Mr. Albers. The Court regards allegations of fraud with the utmost concern. However, the Court cannot let such concerns goad it into actions which would be contrary to the Court's sense of the best means to secure the expeditious and economical administration of every case under the Code and the just, speedy and inexpensive determination of every proceeding. Bankruptcy Rule 1001.

In this case, the matters presented by the alleged Debtor do not rise to the level of showing cause for the Court to exercise its discretion under 9006(b). The plain requirements of § 303(h) should therefore be followed.

Further, the Court does not believe that this is a case of excusable neglect under 9006(b). The Attorney for the Defendant was employed on October 31, 1986. The original time for filing an Answer was November 10, 1986. The Attorney for Mr. Albers did not enter the hospital until November 12. The Involuntary Petition is five (5) paragraphs, or approximately one and a half pages long. The requirements of the Bankruptcy Rules, 1011(b), and the Code, § 303(h), are quite clear: an Answer shall be filed within twenty days after the service of the Summons. From the 31st of October until the 12th of November the Defendant's Attorney could have filed an Answer with this Court. The Attorney's illness subsequent to that time period does not change the fact that there was neglect during that time. The matter is also not altered by the granting of the first Motion To Extend Time. At the time the Motion

was granted, the Court had not received the Objection of the Trustee, which the Court finds to be well taken.

It is ORDERED that the Motion For Extension of Time be DENIED.

It is FURTHER ORDERED that the Involuntary Petition be GRANTED and an Order for Relief entered.